UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES R. LOGAN AND JENNY LU CROMER | CIVIL ACTION |
| VERSUS | NO: 08-3791 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION: R(3) |

**ORDER AND REASONS**

Before the Court is defendant's motions for partial summary judgment (R. Doc. 18) and motion for summary judgment. (R. Doc. 19). For the following reasons, the Court GRANTS both of defendant's motions.

**I. BACKGROUND**

On February 13, 2007 a tornado struck the New Orleans, Louisiana home of plaintiffs James R. Logan and Jenny Lu Cromer (collectively "Logan"). At the time, Logan maintained a homeowner's insurance policy issued by defendant State Farm Fire & Casualty Company. According to Logan's Complaint, the tornado caused "extensive damage" to the interior and exterior of their home, as well as to various contents. (R. Doc. 1).

After the tornado struck, Logan opened a claim under his homeowner's insurance policy. State Farm adjusted the claim and

paid Logan the following amounts for damages: $53,312.75 for damages to the structure of Logan's home; $2,584.17 for personal property or contents; and nothing for additional living expenses. By comparison, Logan's homeowner's policy contained policy limits of $590,371.00 for structure, $402,526.00 for contents, and actual expenses incurred for additional living expenses.

On February 12, 2008, a day before the one-year anniversary of the tornado, Logan sued State Farm, seeking recovery for "losses sustained to [his] property as a result of the tornado . . . including damages, statutory penalties, costs, and attorney fees, caused by defendant's breach of contract and provided for under applicable state law." (R. Doc. 1). On October 1, 2009 State Farm moved the Court for summary judgment. (R. Doc. 19). State Farm argued that there was no evidence for Logan's claim of greater wind damage than that already paid by State Farm. *Id.* State Farm also moved for partial summary judgment on Logan's statutory bad faith claims. (R. Doc. 18). At the time, and by his own admission, Logan had conducted no discovery, taken no depositions, hired no experts, and submitted no proofs of loss for the damages he claimed. Instead of filing an opposition to State Farm's motion, Logan submitted a motion to continue contending that this matter was a "friendly lawsuit" to preclude the running of a prescriptive period and that Logan had no intention to litigate. (R. Doc. 22). This Court granted Logan's

motion to continue on November 5, 2009. (R. Doc. 27). The Court noted that it did not "condone [Logan's] strategy" and that "this is the only continuance the Court will grant." *Id.* State Farm now re-urges its motion.

**II. LEGAL STANDARD**

**A. Summary Judgment**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Although all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Moreover, Rule 56 does not "impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)(same), cert. denied, 513 U.S. 871 (1994).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may

satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id*. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See e.g., id*. at 325; *Little*, 37 F.3d at 1075.

**III. DISCUSSION**

**A.   Summary Judgment**

When sitting in diversity, as this Court is, the controlling substantive law is state law. *Trinity Universal Ins. Co. v. Stevens Forestry Serv., Inc.*, 335 F.3d 353, 356 (5th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). In this case, the applicable state is Louisiana. Under Louisiana law, Logan is required to prove the amount of his claim for covered damages under his homeowner's policy by a preponderance of the evidence. *See* Couch On Insurance § 175:92 (3d ed. 2006) ("In accord with general principles governing the law of damages, there can be no recovery for items where their existence and value are not proved."); *see also Burrell v. Seguros America Banamex, S.A.*, 316 So.2d 177, 179 (La. Ct. App. 1975) ("Under the

4

circumstances we conclude plaintiffs' burden of proving the extent of damage from the fire required some showing beyond the mere presentation of a disputed estimate."); *Grand Pelican Furniture Co. v. Cambridge Mut. Fire Ins. Co.*, 263 So.2d 91, 92-93 (La. Ct. App. 1972) (finding that "[t]here is no doubt of the damage inflicted upon plaintiff's upholstered furniture by the smoke, but the matter of resulting loss is highly questionable" and then concluding that plaintiff had not carried its burden of proving amount of loss). Because Logan bears this burden, State Farm may satisfy its burden on summary judgment by pointing out that the record contains insufficient proof that it owes Logan an amount greater than that which it already paid him. *See Celotex*, 477 U.S. at 325. The burden then shifts to Logan, who must, by submitting or referring to evidence, set out specific facts showing a genuine issue of material fact. *Id*. at 324.

The Court finds that Logan has raised an issue of fact as to whether State farm paid him for the damages due under his homeowner's policy. Logan submits estimates for repairs that exceed amounts paid by State Farm for items like roof replacement, floor refinishing, and window shutters. (R. Doc. 31). It is true that the Logan did not submit this evidence until recently. (R. Doc. 35). But State Farm has not shown that it asked for the evidence in discovery and did not receive it.

**B.  Bad Faith Claims**

State Farm also moves the Court to dismiss Logan's claims against it for statutory penalties and attorney fees under La. R.S. 22:1892 and La. R.S. 1973.  (R. Doc. 18).  Both La. R.S. 22:1892 and La. R.S. 22:1973 proscribe the failure to timely pay a claim after receiving a satisfactory proof of loss when that failure is arbitrary, capricious, or without probable cause. *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1020 (La. 2003).  The parties do not dispute that after State Farm issued its final payment to Logan on July 14, 2007, Logan made no further demand for payment and submitted no further proof of loss until he responded to State Farm's motions for summary judgment. (R. Doc. 24 and 31).  Logan has not raised an issue of fact that State Farm was in bad faith.  (R. Doc. 24).  As a result, the Court GRANTS State Farm's motion for summary judgment.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS State Farm's motions for summary judgment.  (R. Doc. 18 and 19).

New Orleans, Louisiana, this 9th day of February, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE